## BURKMAN v. TARAN.

Circuit Court, Dade County.

November 2, 1953.

Ader & Young, Miami Beach, for plaintiff.

Sydney L. Weintraub, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

The evidence in this action (which was tried before me without a jury) has produced no substantial factual dispute.

The plaintiff sues, in behalf of the state of Minnesota, for the recovery of an income tax in excess of $6,000 assessed against the defendant for the calendar year 1944 (during which the defendant was a resident of Minnesota). The validity of the assessment and the amount of the tax are not disputed.

Counsel for the defendant advances the contention that an action for the collection of a tax due to another state is not maintainable in the courts of this state. It must be conceded that the opinions and decisions of the courts of other states, cited by counsel, support his contention. See cases cited in 51 Am. Jur. 868-9 in footnotes to the text, and in 165 A.L.R. in the annotation at pages 769-801. In some of the cases relied on by counsel for the defendant the courts have reasoned that taxes are imposts collected

for the support of the government, and not debts in the ordinary sense of the term, and that the principles which preclude a state from enforcing the *penal laws* of another state should be applied to *revenue laws* so as to preclude a state to which taxes are due from maintaining in the courts of another state an action for the collection of the taxes. In other cases the courts, appreciative of the obvious dissimilarity between penal laws and revenue laws, have boldly held, without any attempt to provide logical support for their conclusion, that since the revenue laws of one state have no force in another, no action can be maintained by one state in the courts of another state for the recovery of taxes due the former.

The precise question here presented has not been decided by the Supreme Court of the United States or by the Supreme Court of Florida. Consequently, I am not guided by any binding precedent.

Stripped of their sophistry, the opinions and decisions in the cases on which the defendant's position is bottomed are that by crossing state lines one may escape his obligation to pay an income tax to a state of which he has been a resident and in which he has realized the taxed income. I am asked to follow such precedents and to hold that Florida is a sanctuary for tax evaders. I refuse to do so.

If the defendant owed a debt to a private citizen of Minnesota, there would be no impediment to the institution and prosecution in Florida by the creditor of an action for the recovery of the amount due. Why, then, should a sovereign state, a member of the union of states, be denied a right which we freely accord to one of its citizens? There is no justification, in my opinion, for not permitting an action in the courts of this state for the collection of a debt due another state. The principles of comity, it seems to me, demand that we grant to the sister state the right to sue. The contrary doctrine has no place in a union of states such as ours.

My conclusion finds cogent support in the opinion and decision in State ex rel. Oklahoma Tax Commission v. Rogers (St. Louis Ct. of App.), 193 S. W. 2d 919, in which the same question here raised was presented.

Unfortunately, however, while I hold that an action by the plaintiff, in behalf of the state of Minnesota, against the defendant in this court for the recovery of the tax in question may be brought, I am constrained to deny relief to the plaintiff for the reason that our statute of limitations, to which I am required to give effect because it has been appropriately invoked by the defendant, provides a bar to recovery in this action.

When a state enters the courts of another state, it does so with no other or greater rights or immunities than those enjoyed by

individuals or private corporations. It is subject, like all other suitors, to the provisions of the statutes of limitation of the state in which it seeks relief. 34 Am. Jur. 307-8.

The tax involved was assessed for the calendar year 1944. As admitted in the complaint, and as established by the evidence, the defendant has been a resident and domiciliary of Florida since 1946. This action was not commenced until April 23, 1953.

Concededly it was not brought within three years after the accrual of the liability, as was required by the applicable and governing provisions of our statute of limitations (section 95.11, Florida Statutes 1951). Counsel for the plaintiff, however, points to section 95.07, Florida Statutes 1951, which provides that "if after the cause of action [against a person] shall have accrued he depart from the state, the time of his absence shall not be part of the time limited for the commencement of the action." Counsel argues that since it was shown, without dispute, that the defendant, after establishing residence in Florida in 1946, absented himself from the state several times, and since the defendant had not proved that the aggregate of the periods during which he was in the state was three years or more, it was not established that the action is barred.

The argument is not tenable, because the generally recognized and accepted rule is that when a plaintiff relies on a defendant's absence as interrupting the running of a statute of limitation it is necessary for *him* to show such absence as will preclude the application of the statute. 34 Am. Jur. 354. The burden of introducing evidence may shift several times in one case. While the defendant may have the burden of showing that a claim is barred, he need only make a prima facie case to shift the burden to the plaintiff, who then will be obliged to prove such facts as toll the running of the statute, and, if he does, the burden of introducing evidence may again fall on the defendant. 34 Am. Jur. 353.

The plaintiff's admission and the uncontradicted proof that the defendant has resided in Florida since 1946 shifted to the plaintiff the burden of showing that the aggregate of the defendant's periods of absence on sojourns to other states was such as to reduce the aggregate of the periods during which he was in the state to less than three years. The plaintiff introduced no such proof. I must hold, therefore, that the action is barred. The defeat of the claim is attributable solely to the delayed and tardy commencement of the action.

It is accordingly ordered and adjudged that the plaintiff, William G. Burkman, as director of the income tax division of the state of

Minnesota, take nothing by his complaint or action; that the defendant, S. H. Taran, go hence without day; that the defendant recover from the plaintiff the reasonable costs expended by the defendant in the action; and that, for the recovery of such costs (when they shall have been determined and taxed), execution may issue on the defendant's application.